Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
Telephone: (415) 651-1951
Fax: (415) 500-8300
Email: mark@aoblawyers.com

Attorneys for Plaintiff Cecilia F. Infante

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cecilia F. Infante, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Specialized Loan Servicing LLC; Trans Union, LLC; Experian Information Solutions, Inc.; and Equifax Information Services, LLC, | Violation of the Fair Credit Reporting Act & the California Civil Code |
| | Jury Trial Demanded |
| Defendants. | |

**Preliminary Statement**

1. This is an action for damages brought by plaintiff Cecilia F. Infante against defendants Specialized Loan Servicing LLC; Trans Union LLC; Experian Information Solutions, Inc.; and Equifax Information Services, LLC for violation of the Fair Credit Reporting Act ("FCRA") and the Consumer Credit Reporting Agencies Act, Civil Code Section 1785.25(a).

**The Parties**

2. Plaintiff Cecilia F. Infante is a resident of Solano County, California.

3. Defendant Specialized Loan Servicing LLC is a Delaware corporation and a furnisher of consumer information to the defendant credit reporting agencies ("CRAs"). Specialized Loan

Servicing LLC has its principal place of business in Highland Ranch, Colorado.

4. Defendant Trans Union, LLC ("TU") is a limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

6. Defendant Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

## Jurisdiction & Venue

7. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

8. The defendants do business in this district.

## Description of the Case

9. Plaintiff Cecilia F. Infante has owned the residential property located 1931 Diamond Way, Fairfield, CA 94533 since July 2003.

10. Defendant Specialized Loan Servicing, Inc. services a loan that is secured with a second deed of trust on that property. The loan was originated on October 26, 2005.

11. Effective March 13, 2012, plaintiff Infante and defendant Specialized Loan Servicing LLC entered into a written Loan Modification the terms of which were that plaintiff would pay $352.01 per month covering principal and interest beginning April 1, 2012, continuing until the unpaid loan balance of $87,983.99 was paid in full. The interest rate on the modified loan was fixed at (only) 1.1%.

12. On March 13, 2012, Specialized Loan Servicing LLC sent plaintiff a letter in which it assured plaintiff that if she made the mortgage payments due under the Loan Modification Agreement, it would report the payment history to the CRAs and there would be no negative credit reporting:

> You are a valued customer to Specialized Loan Servicing LLC and we appreciate your business. A modification of your loan has been approved; enclosed are two (2) copies of the agreement. There are tremendous benefits of a loan modification, some of which may include a lower or fixed interest rate and lower monthly payment, which will result in a current loan status. …..
> The modification of your loan will be completed and go into effect when both the signed document and certified funds are received by SLS before 03/31/12 [plaintiff submitted the signed documents before that date and no funds were due]. SLS will continue normal servicing of this loan until documents and funds are received. If your loan is delinquent or will become delinquent prior to this time [it was not delinquent], collection efforts will continue, including foreclosure activity. Payment history will continue to be reported to the credit bureaus during the loan modification process [they failed to do so]. You must continue to make your scheduled payments in order to avoid negative credit reporting.

13. As explained in detail below, Specialized Loan Servicing LLC breached its promises by failing to report plaintiff's payments to the CRAs until 2016 and beginning in 2016 it inaccurately reported the account as "charged off" and "transferred to recovery."

14. Plaintiff Infante made each payment due under the Loan Modification Agreement on a timely basis from its effective date of April 1, 2012, to date.

15. On May 25, 2016, defendant Specialized Loan Servicing LLC sent plaintiff a letter that states that the loan account was current with the next contractual date being June 1, 2016.

16. However, beginning as early as January 2016, Specialized Loan Servicing LLC began reporting to the CRAs that the loan had been "transferred to recovery" and "charged off" while at the same time reported plaintiff made the required monthly payments of $352 per month. Specialized Loan Servicing LLC continued making the same inaccurate reports to the CRAs each month from July 2016, to the present.

17. On October 20, 2016, plaintiff sent a letter to Specialized Loan Servicing LLC in

which she disputed the reports to the CRAs. She stated the mortgage loan should not have been reported as transferred to recovery or reported as charged off.

18. In a response to the letter of October 20, 2016, Specialized Loan Servicing LLC erroneously claimed the loan was in a state of "severe delinquency." The letter also stated that the account had been "charged off for credit reporting purposes on January 26, 2012 and credit reporting ceased at that time" ignoring the fact that it was reporting the charge off occurred in 2016.

19. On November 28, 2016, plaintiff responded to Specialized Loan Servicing LLC's October 20, 2016 letter. Plaintiff pointed out she had made all payments due under the Loan Modification Agreement on a timely basis during the past four plus years and that the report that she had "failed to pay" the payments (as reported by Experian) was incorrect. Specialized Loan Servicing LLC responded with a letter on December 23, 2016, in which it merely repeated what it had said in its October 20, 2016, letter.

20. As of December 5, 2016, defendant Trans Union was reporting that for the months of July through October 2016, the Specialized Loan Servicing LLC account was derogatory, transferred to recovery, and had been charged off. Concurrently, Trans Union also reported plaintiff had paid the $352 due each month. Trans Union reported no data on the account for each month February 2012 through July 2016 even though plaintiff made each of the $352 monthly payments required by Loan Modification Agreement. Trans Union was also reporting the loan had been charged off back in January 2011.

21. On January 10, 2017, plaintiff sent a dispute letter to Trans Union in which she stated the reports by Specialized Loan Servicing LLC are inaccurate "because the loan has been current since April 2012 and that she had been paying on time for over four years." She asked Trans Union to delete the account. On February 1, 2017, Trans Union sent plaintiff the results of its investigation. Trans Union revised plaintiff's report on the account, but the report continued to be

inaccurate and misleading. The revised report states the account Pay Status was "Charged Off" when in fact the Pay Status should be reported as "Current" and paid as agreed. The Trans Union report as revised also states the account was Transferred to Recovery, which is misleading because it ignores the fact the plaintiff and Specialized Loan Servicing LLC agreed to modify the loan. The revised Trans Union report also reports the loan "was a charge off" which is also misleading. Trans Union could have reported the loan was modified using the e-Oscar code "CO," but Trans Union did not do so.

22. As of December 5, 2016, Experian was reporting that the Specialized Loan Servicing LLC account was charged off in each of the months July through October 2016 and that the account had been transferred to recovery." At the same time, Experian was reporting the loan had been charged off back in January 2011. Experian reported no data on the account between February 2011 and June 2015 even though plaintiff made each payment as required by the Loan Modification Agreement.

23. On January 10, 2017, plaintiff sent a dispute letter directly to Experian in which she stated the reports by Specialized Loan Servicing LLC are inaccurate "because the loan has been current since April 2012 and that she had been paying on time for over four years." She asked Experian to delete the account. On January 20, 2017, Experian sent plaintiff the results of its investigation, which were that it had reviewed the documentation plaintiff had provided with her dispute, but Experian determined it could not make use of it to make the changes or deletions requested. Experian also stated it was contacting the furnisher or vendor who collected the information from a public source, which made no sense given the information was not from a public source. This comment alone makes clear Experian did not conduct a reasonable investigation of plaintiff's dispute.

//

24. As of December 5, 2016, Equifax reported that the Specialized Loan Servicing LLC account was charged off in each of the months July through September 2016 and that the account had been transferred to recovery. Equifax reported no data on the account for months prior to July 2016 even though plaintiff made the required payments each month. Equifax correctly reported plaintiff made the required payments of $352 in the months of July through September 2016.

25. On January 10, 2017, plaintiff sent a dispute letter directly to Equifax in which she stated the reports by Specialized Loan Servicing LLC are inaccurate "because the loan has been current since April 2012 and that she had been paying on time for over four years." She asked Equifax to delete the account. On February 7, 2017, Equifax sent plaintiff the results of its investigation, which were that it would not delete the account but instead it merely updated the payment history to show plaintiff paid $352 per month from July 2016 through November 2016. Otherwise, Equifax left unchanged the inaccurate and misleading information that the account status as of July 2016 through November 2016 was charged off, that the account had been transferred to recovery, and that $84,217 had been charged off.

26. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

27. Defendant Specialized Loan Servicing LLC is a subscriber to the CRAs. As such, at least once a month, Specialized Loan Servicing LLC electronically transmits its customers' account information to CRAs. Each such transmission includes changes, additions and deletions of customers' account information.

//

28. Plaintiff's account status was included in each of Specialized Loan Servicing LLC's monthly transmissions of information to the CRAs.

29. When Specialized Loan Servicing LLC transmitted the loan account information, it knew that the CRAs would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the CRAs fees. Such persons include banks, finance companies and others that are in the business of loaning money to consumers.

30. Potential credit grantors that were considering extending credit to plaintiff sought and obtained plaintiff's credit reports from one or more of the CRAs. In 2016, plaintiff was unable to refinance the 1st mortgage on her property due to Specialized Loan Servicing LLC's inaccurate credit reporting.

31. During the two years preceding the filing of the complaint in this action, various credit grantors obtained plaintiff's' credit reports.

32. Each time a CRA sold a copy of plaintiff's credit reports to a potential credit grantor, plaintiff was damaged. Each such sale was a separate publication of Specialized Loan Servicing LLC's misleading reports.

33. Credit scores are used by credit grantors to decide whether to extend credit. The credit scores are primarily based on the contents of the consumer's credit reports published by the CRAs. Plaintiff's credit scores were adversely affected by Specialized Loan Servicing LLC's inaccurate credit reporting.

**First Claim: Violations of the Fair Credit Reporting Act—Against Trans Union LLC, Experian and Equifax**

34. Plaintiff incorporates by reference ¶¶ 1 through 33.

35. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall

conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

36. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

37. Within the two years preceding the filing of this complaint, plaintiff notified the defendant CRAs of inaccuracies contained in its reports and asked them to correct the inaccuracies.

38. The defendant CRAs failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiff disputed.

39. The defendant CRAs failed to review and consider all relevant information submitted by plaintiff.

40. The defendant CRAs violated 15 USC § 1681c(f) by failing to report that plaintiff disputed the accuracy of the account in question.

41. The defendant CRAs failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's s credit reports, information and files in violation of 15 USC § 1681e(b).

42. The defendant CRAs failed to maintain reasonable procedures designed to prevent the reappearance of information that has been deleted in violation of § 1881i(a)(5)(C).

43. As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff sustained damages.

44. Defendants' violations of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

//

**Second Claim: Violations of the Fair Credit Reporting Act—Against Specialized Loan Servicing LLC**

45. Plaintiff incorporates by reference ¶¶ 1-44.

46. The FCRA requires a furnisher such as Specialized Loan Servicing LLC, after receiving notice from a CRA that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the CRA.

47. Within the last two years, Specialized Loan Servicing LLC provided misleading, inaccurate and misleading information to the CRAs.

48. Specialized Loan Servicing LLC violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's account;

(c) willfully and negligently failing to report the results of investigations to the CRAs;

(d) willfully and negligently failing to report the misleading, incomplete, and inaccurate status of the inaccurate information to the CRAs;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the CRAs concerning the inaccurate, misleading and incomplete information disputed by plaintiff;

(f) willfully and negligently failing to provide the CRAs with the factual information and evidence plaintiff submitted to Specialized Loan Servicing LLC that proved that the information concerning plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the CRAs; and

49. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b).

50. Specialized Loan Servicing LLC violated 15 USC § 1681s-2(a)(3) and 15 USC § 1681s-(b) by failing to mark the account as disputed and failing to inform the CRAs the account was disputed.

51. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Specialized Loan Servicing LLC**

52. Plaintiff incorporates by reference ¶¶ 1-52.

53. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

54. Specialized Loan Servicing LLC negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

55. Specialized Loan Servicing LLC failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

56. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

//

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: February 17, 2017.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated:  February 17, 2017.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*